UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KIMBERLY LARSEN f/k/a KIMBERLY
KAISER, on behalf of herself and all others
similarly situated,

                        Plaintiffs,                        AMENDED
                                                                              MEMORANDUM
                                                                              OPINION AND ORDER

                -against-                                                        CV 04-4409 (ETB)

JBC LEGAL GROUP, P.C. f/k/a
JBC & ASSOCIATES, P.C.,
JBC LEGAL GROUP, P.C. f/k/a
JBC ASSOCIATES, INC.,
JBC & ASSOCIATES, P.C.,
JBC ASSOCIATES, INC.,
JACK BOYAJIAN,
MARV BRANDON a/k/a MARVIN BRANDON,
and OUTSOURCE RECOVERY MANAGEMENT, INC.

                                     Defendants.
------------------------------------------------------------------X

       Before the Court is the application of the plaintiff, Kimberly Larsen ("Larsen"), for attorney's fees and costs in the amount of $67,889.42, pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k. Although afforded ample opportunity to do so, defendants have failed to submit any opposition to plaintiff's motion. For the reasons that follow, plaintiff is awarded attorney's fees and costs in the amount of $65,414.92.

FACTS

       Familiarity with the facts of this action is presumed. Following a bench trial held on June 16, 2008, the parties reached a Stipulation of Settlement, dated that same day, with respect

-1-

to defendants Marvin Brandon and JBC & Associates, Inc., by which all claims against those defendants were dismissed. Also on that same date, Defendant Jack Boyajian ("Boyajian") consented to an entry of judgment against him, as well as the corporate entities JBC Legal Group, P.C., formerly known as JBC & Associates, P.C., and Outsource Recovery Management, Inc., to be entered jointly and severally, for statutory damages in the amount of $1,000, plus reasonable attorney's fees and costs to be determined by the Court.[1]

## DISCUSSION

I.   The FDCPA

"A consumer who brings a successful FDCPA lawsuit can recover 'the costs of the action, together with a reasonable attorney's fee as determined by the court.'" Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1991) (quoting 15 U.S.C. § 1692k(a)(3)); see also Baruch v. Healthcare Receivable Mgmt., Inc., No. 05-CV-5392, 2007 U.S. Dist. LEXIS 80429, at *14 (E.D.N.Y. Oct. 29, 2007) ("The FDCPA requires the payment of costs and reasonable attorney's fees to a successful plaintiff."). A prevailing plaintiff is entitled to recover the costs and attorney's fees of her action irrespective of whether or not she is awarded actual or statutory damages. See Savino, 164 F.3d at 87 (citing cases). In the within action, Larsen was successful in her FDCPA suit against Boyajian and JBC Legal Group, P.C. and judgment was entered in her favor for $1,000, the maximum amount of statutory damages available.

---

[1] By Memorandum Opinion and Order dated February 12, 2008, plaintiff was granted summary judgment on her claims against Boyajian, JBC Legal Group, P.C. and Outsource Recovery Management, Inc. and the issue of damages was reserved for trial. See Larsen v. JBC Legal Group, P.C., 533 F. Supp. 2d 290 (E.D.N.Y. 2008).

Accordingly, Larsen is entitled to an award of attorney's fees and costs.

II.  Attorney's Fees

In the Second Circuit, attorney's fees are determined by calculating the "presumptively reasonable fee," previously known as the "lodestar figure." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 118 (2d Cir. 2007); Baruch, 2007 U.S. Dist. LEXIS 80429, at *15.  The court determines the presumptively reasonable fee by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 453 (1983).

The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed.  See id. at 433; Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) ("The party seeking the award bears 'the burden of documenting the hours reasonably spent by counsel . . . .'").  Accordingly, the party seeking an award of attorney's fees must support its application by providing contemporaneous time records that detail "for each attorney [and legal assistant], the date, the hours expended, and the nature of the work done." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).  If the documentation is inadequate, the court may reduce the award accordingly.  See Hensley, 461 U.S. at 433-34; Molefi v. The Oppenheimer Trust, No. 03 CV 5631, 2007 U.S. Dist. LEXIS 10554, at *16 (E.D.N.Y. Feb. 15, 2007) ("'If such records are inadequate the Court may reduce the award accordingly.'").

Here, plaintiff's counsel's office expended a total of 234.7 hours during the course of this litigation.  218 of those hours were billed by plaintiff's counsel, Brian Bromberg, at a rate of

$300 per hour. 10.7 hours were billed by a summer associate employed in Mr. Bromberg's office at a rate of $115 per hour. The remaining six (6) hours were billed by a paralegal at a rate of $75 per hour. Plaintiff requests an award of attorney's fees in the amount of $67,080.50.

In determining what constitutes a "reasonable hourly rate," the court should look to the market rates "'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (quoting Blum v. Stevenson, 465 U.S. 886, 896 n.11 (1984)). The court "may also rely on its own knowledge of hourly rates charged in private firms to determine what is reasonable in the relevant community." Nike, Inc. v. Top Brand Co., No. 00 Civ. 8179, 2006 U.S. Dist. LEXIS 8381, at *4-5 (S.D.N.Y. Feb. 24, 2006) (citing Miele v. N.Y. State Teamsters Conf. Pens. & Retirement Fund, 831 F.2d 407, 409 (2d Cir. 1987)). "The relevant community to which the court should look is the district in which the case was brought." Marisol A. v. Guiliani, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000) (citing In re Agent Orange Prod. Liab. Litig., 818 F.2d 226, 232 (2d Cir. 1987). Courts in this circuit routinely consider the rates of both the Eastern District of New York as well as the Southern District when undertaking this analysis. See, e.g., New Leadership Committee v. Davidson, 23 F. Supp. 2d 301, 305 (E.D.N.Y. 1998) (holding that the magistrate judge did not abuse her discretion in considering the prevailing hourly rates in the Southern District of New York when awarding attorney's fees).

"Overall, hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants." Cho, 524 F. Supp. 2d at 207 (collecting cases); Commission Express Nat'l, Inc. v. Rikhy, No. CV-03-4050, 2006 U.S. Dist.

LEXIS 8716, at 19-20 (E.D.N.Y. Feb. 16, 2006) ("Hourly rates approved in recent Eastern District of New York cases have ranged from $200 to $300 for partners; $100 to $150 for junior associates . . . $200 to $250 for senior associates . . .[and] [r]ates for paralegals range from $60 to $75.") (citing cases). Similarly, in the Southern District of New York, the following rate scale has been found to be reasonable: $350 for attorneys with more than fifteen years of experience, $300 for attorneys with ten to fifteen years of experience, $230-$250 for attorneys with seven to nine years of experience, $180-$200 for attorneys with four to six years of experience, and $130-$150 for attorneys with one to three years of experience. See Marisol A., 111 F. Supp. 2d at 386-387 (citing cases where the fee awards ranged from $125-$200 for junior and senior associates and from $250-$350 for partners).

Plaintiff's counsel's declaration states that he has been practicing law for approximately seventeen (17) years. (Decl. of Brian L. Bromberg, dated Sept. 16, 2008 ("Bromberg Decl."), ¶ 7.) For the past seven (7) years, Mr. Bromberg has been a solo practitioner, focusing his practice on consumer protection law, (id. ¶ 8), and his declaration details significant experience in consumer protection and consumer fraud litigation. Mr. Bromberg's hourly rate of $300 falls within the range of approved rates in this circuit for an attorney with his experience and qualifications. Accordingly, I find plaintiff's counsel's hourly rate to be reasonable.

The hourly rate charged for the work of plaintiff's counsel's paralegal - $75 per hour - is similarly reasonable. However, I find the hourly rate charged for the summer associate employed by plaintiff's counsel - $115 per hour - to be excessive. While often performing the work of an attorney, a summer associate is not an attorney but instead is still a law student and "[s]tudents are generally billed at rates similar to those of paralegals." Moon v. Kwon, No. 99

Civ. 11810, 2002 U.S. Dist. LEXIS 21775, at *10 (S.D.N.Y. Nov. 8, 2002) (citation omitted). Approved hourly rates for summer associates and student interns in both the Eastern and Southern districts range from $70 to $90. See, e.g., id. (awarding $80 per hour for work performed by law student interns); see also Yang v. ACBL Corp., No. 04 Civ. 8987, 2006 U.S. Dist. LEXIS 6919, at *10 (S.D.N.Y. Feb. 22, 2006) (same); LaBarbera v. Bull Dog Constr., Ltd., No. CV-98-7286, 2005 U.S. Dist. LEXIS 32632, at *15 (E.D.N.Y. July 28, 2005) (finding $85 per hour for student law clerks to be reasonable); Hutchinson v. McCabee, No. 95 Civ. 5449, 2001 U.S. Dist. LEXIS 11927, at *21 (S.D.N.Y. Aug. 15, 2001) (awarding $75 per hour for work performed by summer associates). Accordingly, I find $80 per hour to be reasonable for the work performed by Mr. Bromberg's summer associate.

With respect to the number of hours billed, plaintiff's counsel has submitted the requisite contemporaneous billing records. However, a number of the billing entries do not sufficiently describe the nature of the task performed by plaintiff's counsel to allow the Court to determine whether the time expended on the task is reasonable. Such entries merely state that plaintiff's counsel engaged in a telephone call or correspondence with another person - or, in some instances, the Court - but do not detail the subject matter of such correspondence. (Bromberg Decl. Ex. A.) Where billing records are vague, a reduction in fees is appropriate. See Ace Ltd. v. Cigna Corp., No. 00-9423, 2001 WL 1286247, at *4 (S.D.N.Y. Oct. 22, 2001); Marisol A., 111 F. Supp. 2d at 397 ("Although counsel is not 'required to record in great detail how each minute of his time was expended . . . counsel should [at a minimum] identify the general subject matter of his time expenditures."). Accordingly, those billing entries will be excluded from the fee calculation.

After taking into account the deductions detailed above, attorney's fees are awarded as follows: (1) 211 hours at an hourly rate of $300 per hour for Mr. Bromberg's time; (2) 10.7 hours at an hourly rate of $80 per hour for the summer associate's time; and (3) six (6) hours at an hourly rate of $75 per hour for the time spent by a paralegal, for a total award of $64,606.00

III.  Costs

"'Attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) (quoting United States Football League, 887 F.2d at 416); see also Miltland Raleigh-Durham v. Meyers, 840 F. Supp. 235, 239 (S.D.N.Y. 1993) ("Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients."). "However, expenses which are part of the attorney's ordinary overhead are not to be reimbursed." SEC v. Goren, 272 F. Supp. 2d 202, 214 (E.D.N.Y. 2003) (citing New York State Nat'l Org. for Women v. Terry, 737 F. Supp. 1350, 1363 (S.D.N.Y. 1990). The expenses claimed in this action are $808.92.

The expenditures in the within action pertain mainly to photocopies, telephone calls, postage, FedEx costs, court imposed filing fees, process servers, and transcripts, all of which are routinely recoverable. See, e.g., Simmons v. N.Y. City Transit Auth., No. CV-02-1575, 2008 U.S. Dist. LEXIS 16949, at *22-23 (E.D.N.Y. Mar. 4, 2008) (finding costs relating to "filing fees, process servers, postage, travel and photocopying" to be reasonable expenditures for which plaintiff was entitled to reimbursement); Cho, 524 F. Supp. 2d at 212 (reimbursing plaintiff for

costs related to "Federal Express, reproduction, telephone, facsimile, postage, deposition services, [and] deposition/hearing transcripts"); Molefi, 2007 U.S. Dist. LEXIS 10554, at *25 (finding that "costs associated with mailings, photocopies, and court fees . . . are precisely the type of costs that may be included in an award of attorney's fees"); Shannon v. Fireman's Fund Ins. Co., 156 F. Supp. 2d 279, 305 (S.D.N.Y. 2001) (reimbursing plaintiff for costs relating to "photocopying, filing fees, Federal Express, [and] trial exhibits").

The remaining costs relate to plaintiff's counsel's transportation to and from the Central Islip courthouse for court appearances. Such disbursements are also recoverable. See, e.g., Simmons, 2008 U.S. Dist. LEXIS 16949, at *22 (noting that "[c]osts relating to . . . travel . . . are routinely made"); In re Merrill Lynch & Co. Research Reports Secs. Litig., No. 02 MDL 1484, 2007 U.S. Dist. LEXIS 9450, at *79 (S.D.N.Y. Jan. 31, 2007) (finding expenses for transportation to be reasonable and recoverable); Levy v. Powell, No. CV-00-4499, 2005 U.S. Dist. LEXIS 42180, at *33 (E.D.N.Y. July 7, 2005) (stating that travel fees are recoverable).

Accordingly, plaintiff is awarded costs in the amount of $808.92.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees and costs is granted. Plaintiff is awarded attorney's fees in the amount of $64,606.00 and costs in the amount of $808.92, for a total monetary award of $65,414.92.

**SO ORDERED:**

Dated: Central Islip, New York
       December 18, 2008

                                                      /s/ E. Thomas Boyle
                                                      E. THOMAS BOYLE
                                                      United States Magistrate Judge